[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14625
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2011
JOHN LEY
CLERK

Agency No. A087-335-689


SONE MATEO ADOF,

                                                                        Petitioner,


                                    versus


U.S. ATTORNEY GENERAL,

                                                                        Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 27, 2011)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Sone Mateo Adof, a native and citizen of the Dominican Republic,

proceeding *pro se*, seeks review of the Board of Immigration Appeals ("BIA") order dismissing his appeal of the decision of the Immigration Judge ("IJ") finding him (1) removable, pursuant to section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1227(a)(1)(B), and (2) ineligible for asylum, withholding of removal under INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231, and relief under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c).  In his application for asylum, Adof said that he was a Dominican of Haitian descent, that Dominicans of Haitian descent who live in the Dominican Republic are subject to "all kinds of mistreatment[ ] and abuses."  He cited several examples of such, including his experiences while studying law in the Dominican Republic.  He was doing well until he told his classmates that his parents were Haitians.  This allegedly caused him to receive failing grades from two teachers, and the theft of his automobile a month or so before he was to deliver his law school thesis.

Before this court, he argues that he suffered past persecution in (1) the theft of his automobile, (2) the denial of his request for a copy of his birth certificate, (3) the receipt of threatening telephone calls, and (4) discrimination at the hands of his law school professors.  Regarding future persecution, Adof argues that he will be killed if returned to the Dominican Republic.

As an initial matter, we must point out that we lack jurisdiction to consider several issues raised by Adof in his brief. Adof did not exhaust before the BIA his argument that the IJ erred by not addressing the political opinion aspect of his asylum claim. Thus, that argument is not properly before us. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (providing that we lack subject matter jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto). Nor did he exhaust before the BIA his argument that he might qualify for Temporary Protected Status.

Where, as here, the BIA has issued a decision, we review that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). In this case, the BIA did not expressly adopt the IJ's decision in dismissing Adof's appeal; hence, our review is of the BIA's decision alone.

To qualify for asylum, an applicant must prove that he is a "refugee" within the meaning of the INA. *De Santamaria v. U.S. Att'y. Gen.*, 525 F.3d 999, 1006 (11th Cir. 2008); INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). An alien must show, with specific and credible evidence, past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a

3

particular social group, or political opinion. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286-87 (11th Cir. 2005); INA § 101(a)(42), 8 U.S.C. § 1101(a)(42).

To qualify for withholding of removal, an alien must show that if returned to his country, his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). The burden of proof for withholding of removal is "more likely than not," and, thus, is more stringent than the standard for asylum relief. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006).

Likewise, to qualify for CAT relief, an applicant again must meet standards more stringent than those for asylum eligibility. *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 891 (11th Cir. 2007). To qualify for CAT relief, an alien must "demonstrate a likelihood that he will be tortured at the acquiescence of the government, meaning that the government was aware of the torture, yet breached its responsibility to intervene." *Id.* (quotation omitted).

Persecution is not defined in the INA, but it is "an extreme concept," requiring more than mere harassment. *De Santamaria,* 525 F.3d at 1008. In assessing persecution, we consider all the evidence of mistreatment as a whole, and are "required to consider the cumulative impact of the mistreatment the petitioner[ ] suffered." *Mejia v. U.S. Att'y. Gen.*, 498 F.3d 1253, 1258 (11th Cir. 2007).

4

Evidence showing that someone is merely a victim of criminal activity does not constitute evidence of persecution based on a statutorily protected ground. *Ruiz*, 440 F.3d at 1258. Mere threats also do not constitute persecution. *See Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1237 (11th Cir. 2006) (holding that a "condolence note" and threatening phone calls, without more, were mere harassment, rather than persecution). Furthermore, discrimination ordinarily does not constitute persecution. *See Barreto–Claro v. U.S. Att'y Gen.*, 275 F.3d 1334, 1340 (11th Cir. 2001) (holding that employment discrimination that stops short of depriving an individual of a means of earning a living, such as losing a desired job and being forced to take menial work instead, does not constitute persecution).

A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. *Ruiz*, 440 F.3d at 1257. Even if the applicant fails to demonstrate past persecution, he may still qualify for asylum based upon proof of a well-founded fear of future persecution, which may be demonstrated by a subjectively genuine and objectively reasonable fear of persecution on account of a protected ground. *Id.* An applicant can establish a well-founded fear of future persecution by "specific, detailed facts showing a good reason to fear that he will be singled out for persecution" on account of a protected ground. *Id.* at 1258.

Substantial evidence supports the BIA's conclusion that Adof did not suffer past persecution. Even assuming a nexus between a protected ground and the theft of his vehicle, and a nexus between a protected ground and the denial of his birth certificate, the theft and denial of the birth certificate, along with the threatening phone calls and the discrimination of Adof's law school professors, taken cumulatively, do not rise to the level of persecution. *See e.g., Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (holding that an asylum applicant had not suffered past persecution despite evidence that the restaurant at which she had worked was bombed, and she had received death threats); *see also Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1353 (11th Cir. 2009) (concluding that no persecution existed where the petitioner was arrested for participating in a student demonstration, interrogated and beaten for five hours, detained for four days, and monitored by authorities after his release); *see also Barreto–Claro*, 275 F.3d at 1340 (holding that employment discrimination that stops short of depriving an individual of a means of earning a living, such as losing a desired job and being forced to take menial work instead, does not constitute persecution).

Substantial evidence also supports the BIA's conclusion that Adof does not have a well-founded fear of future persecution. Even assuming that Adof's fear is subjectively genuine, Adof's account does not compel the conclusion that he has an

6

objectively reasonable fear of future persecution.

Thus, because he failed to establish past persecution or a well-founded fear of future persecution, Adof failed to qualify for asylum. *Forgue*, 401 F.3d at 1286-87. As he failed to establish his eligibility for asylum, he, by extension, failed to satisfy the more stringent burdens of establishing his eligibility for withholding of removal and CAT relief. *See id.* at 1288 n.4 (noting that a failure to establish eligibility for asylum on the merits necessarily entails ineligibility for withholding of removal and CAT relief).

PETITION DENIED.